**Petition for Writ of Mandamus Denied and Memorandum Majority and Dissenting Opinions filed October 14, 2021.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-21-00374-CV

---

### IN RE DARRELL ARCHER, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**County Civil Court at Law No. 4**
**Harris County, Texas**
**Trial Court Cause No. 1145555**

---

## MEMORANDUM DISSENTING OPINION

On July 19, 2021, this court issued an order, stating in part, as follows:

Relator's petition and appendix do not comply with the Texas Rules of Appellate Procedure. *See* Tex. R. App. P. 52.3(k), 52.7(a). Relator did not file a separate record as required by Rule 52.7. Certified or sworn copies of documents showing the matters of which relator complains are not filed in either the petition's appendix or a record. *See* Tex. R. App. P. 52.3(k)(1)(A) (requiring relator to include, as part of appendix, "certified or sworn copy of . . . any other

document showing the matter complained of"); Tex. R. App. P. 52.7(a) (requiring relator to file with petition "certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding" and "a properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered in evidence, or a statement that no testimony was adduced in connection with the matter complained"). An unsworn declaration is an alternate method that relator may use. *See* Tex. Civ. Prac. & Rem. Code Ann. § 132.001.

Additionally, in support of relator's mandamus, relator provided the Court with various documents; however, relator did not include every document that is material to the relator's claim that the trial court abused its discretion in granting plaintiffs' motion to compel discovery in aid of judgment. *See* Tex. R. App. P. 52.7(a). Specifically, relator omitted Exhibit 2 to the real parties' motion to compel. This document is material to relator's claim.

Relator's petition and appendix incorrectly identify the court in which this mandamus is filed. Relator's amended petition should reflect this mandamus as pending in the Fourteenth Court of Appeals.

By this order, the Court gives relator notice that the petition will be dismissed unless an amended petition is filed within ten days of the date of this order that addresses the record issues identified above and discussed in *In re Kholaif*, Nos. 14-20-00731-CV & 14-20-00732-CV, 2020 WL 7013339 (Tex. App.—Houston [14th Dist.] Nov. 25, 2020, order) and Texas Rule of Appellate Procedure 52.3(k), and 52.7(a). *See* Tex. R. App. P. 42.3(c).

Relator filed an amended petition on July 27, 2021, which does not comply with Texas Rule of Appellate Procedure 52.7(a)(2) regarding any relevant testimony from the underlying proceeding, including exhibits offered in evidence, or a statement that no testimony was adduced in connection with the matter complained. Tex. R. App. P. 52.7(a)(2).

We said we would dismiss if a compliant amended petition was not filed. Relator did not file a compliant amended petition. I would dismiss the petition without reaching the merits.


/s/    Charles A. Spain
Justice

Panel consists of Justices Wise, Jewell, and Spain (Jewell, J., majority).